# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

IN RE:
Tracy Southern,

       Debtor,

_____/

Tracy Southern,

       Appellant,

v.

Financial Instruments, LLC., *et al.*,

       Appellees.

_____/

Case No. 23-11564

Judith E. Levy
United States District Judge

Bankruptcy Case No. 23-41388
Adversary Proceeding No. 23-04126
Hon. Mark A. Randon

## OPINION AND ORDER AFFIRMING THE BANKRUPTCY COURT'S ORDER

On June 29, 2023, Appellant Tracy Southern filed a notice of appeal in this case. (ECF No. 1.) Southern appeals three orders issued by United States Bankruptcy Judge Mark A. Randon in the adversary proceeding related to his underlying Chapter 13 filing: Order Denying Motion for Bankruptcy Court to Retain Jurisdiction Over Adversary Proceeding,

Order Denying Motion for Reconsideration of Order to Strike, and Order Denying Motion for Preliminary Injunction. (ECF No. 1, PageID.2; *see also* ECF No. 9.) Appellees filed responses. (ECF Nos. 11, 12.)

For the reasons set forth below, the Court affirms the Bankruptcy Court's June 13, 2023 order denying Southern's motion for the Bankruptcy Court to retain residual jurisdiction over the adversary proceeding. This order also dismissed Count I with prejudice and dismissed Counts II through IX without prejudice, closing the case. (ECF No. 4, PageID.560–561.) Because the Court affirms the Bankruptcy Court's order dismissing the case, the remainder of Southern's issues on appeal are moot.

**I.    Background**

Southern owned a property at 28464 Barton, Garden City, Michigan, which he purchased in 2011 from Harbour Portfolio IV, LP ("Harbour"). (*Id.* at PageID.27.) The purchase was made with a land contract and financed with a promissory note that he gave to Harbour. (*Id.*) This land contract was later purchased by Appellee Financial Instruments LLC ("FILLC"). (*Id.* at PageID.28.) FILLC filed three land contract forfeiture complaints against Southern in the 21st District Court

2

in Garden City. The first two cases were dismissed. In the third case, which was filed on December 12, 2021, the state court entered judgment in favor of FILLC, stating that Southern had $8,524.09 in arrears and $12,228.13 in other amounts that he owed to FILLC. (*Id.* at PageID.28–29.)

As alleged by Southern, pursuant to Michigan Compiled Laws § 600.5744(4), he had 90 days (i.e., until February 15, 2023) to redeem the property before FILLC could evict him through a writ of restitution. (*Id.* at PageID.29.) Southern alleges that he found a purchaser for the property but did not have sufficient time to close the sale. Thus, he filed a voluntary petition for Chapter 13 Bankruptcy in the Bankruptcy Court for the Eastern District of Michigan for the purpose of gaining more time to redeem the property. (*Id.* at PageID.26, 29.) Southern states that the filing of his Chapter 13 case on February 15, 2023, automatically extended the redemption deadline by 60 days until April 17, 2023, pursuant to 11 U.S.C. § 108(b), and/or imposed an automatic stay pursuant to 11 U.S.C. § 362, and permitted him to retain possession of the property and pay the arrearage owed. (*Id.* at PageID.29–30.)

3

However, FILLC conveyed title to Appellee Esmegen Property Management, LLC ("Esmegen") around February 22, 2023. (*Id.* at PageID.30.) Around February 22, 2023, Southern's possessions were removed from the property and the locks were changed, without Southern or his wife's knowledge or consent. (*Id.* at PageID.30–31.) On March 27, 2023, Southern filed an adversary complaint and a motion for preliminary injunction against FILLC, Esmegen, Jason Ghannam,[1] and Westfield Insurance Company ("Westfield"). (*See id.* at PageID.25–44, 76.) In his adversary complaint, Southern lists nine counts: quiet title, violation of the automatic stay, tortious interference with a contract or business expectancy, an insurance claim, trespass to land, statutory conversion, common law conversion, trespass to chattel, and violation of the Michigan anti-lockout statute. (*Id.* at PageID.31–42.) Southern sought injunctive relief "restoring possession of the Property to [Southern]" and the return of his personal property. (*Id.* at PageID.44.) Southern also sought damages. (*Id.*)

Judge Randon denied Southern's motion for preliminary injunction on April 17, 2023. (*Id.* at PageID.337.) Southern's Chapter 13 bankruptcy

---

[1] Ghannam is allegedly the resident agent of FILLC.

4

case was dismissed on May 3, 2023 (*Id.* at PageID.438), and the Bankruptcy Court dismissed Count I and declined to retain residual jurisdiction over the remainder of the adversary proceeding on June 12, 2023. (*Id.* at PageID.560.)

## II. Standard of Review

Pursuant to 28 U.S.C. § 158(a), the Court has jurisdiction to hear appeals "from final judgments, orders, and decrees" issued from the Bankruptcy Court for the Eastern District of Michigan. "When reviewing a bankruptcy court's decision, a district court functions as an appellate court, and applies the standard of review generally applied in the federal courts of appeals." *United States v. Pastula* (*In re Pastula*), 227 B.R. 794, 795 (E.D. Mich. 1997) (quoting *Harbour Lights Marina, Inc. v. Wandstrat*, 153 B.R. 781, 782 (S.D. Ohio 1993)). "[T]he bankruptcy court's findings of fact are reviewed under the clear-error standard, and its conclusions of law are reviewed de novo." *B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 935-36 (6th Cir. 2010); *see also Wylie v. Miller*, 657 B.R. 602, 604 (E.D. Mich. 2024), *aff'd sub nom. In re Wylie*, 119 F.4th 1043 (6th Cir. 2024).

5

### III. Analysis

#### A. The dismissal of the underlying bankruptcy suit

As an initial matter, Southern does not challenge the dismissal of his Chapter 13 bankruptcy case, No. 23-41338. Filings from his Chapter 13 case do not appear in the transmittal of complete record regarding his notice of appeal (*see* ECF No. 4), and Southern's brief does not list the dismissal of the bankruptcy case as a matter on appeal. In general, an "appellant abandons all issues not raised and argued in its initial brief on appeal." *Rose v. State Farm Fire & Cas. Co.*, 766 F.3d 532, 540 (6th Cir. 2014) (quoting *United States v. Johnson*, 440 F.3d 832, 845–46 (6th Cir. 2006)).

To the extent that Southern argues that his Chapter 13 case was "wrongfully dismissed" (ECF No. 9, PageID.656), his argument is denied. Southern has not challenged the dismissal of his underlying Chapter 13 bankruptcy case.

#### B. Dismissal of Count 1 with prejudice

Appellants argue that Southern has waived his appeal of the dismissal of Count 1 with prejudice. (ECF No. 11, PageID.681; ECF No. 12, PageID.726 (adopting Esmegen's arguments).) The Court agrees.

6

Like the dismissal of the underlying bankruptcy suit, Southern does not list the Bankruptcy Court's dismissal of Count I with prejudice as one of the five matters on appeal. The Bankruptcy Court, in its June 13, 2023 order, dismissed Count I with prejudice and declined to retain jurisdiction over Southern's remaining claims. (ECF No. 14-2, PageID.789–790; ECF No. 4, PageID.560–561.) Southern's appeal of the Bankruptcy Court's June 13, 2023 order appears limited to the decision to not retain jurisdiction over the remaining counts of the adversary proceeding. (ECF No. 9, PageID.656.) As such, Southern has waived his appeal on this issue because an "appellant abandons all issues not raised and argued in its initial brief on appeal." *Rose*, 766 F.3d at 540 (quoting *Johnson*, 440 F.3d at 845–46).

Even if Southern had properly raised this issue on appeal, his quiet title claim[2] is moot. "If the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome, then the case is

---

[2] "The Sixth Circuit has explained . . . that 'quiet title is a remedy, not a freestanding claim. Like a request for an injunction or disgorgement, a request for quiet title is only cognizable when paired with some recognized cause of action.'" *Haywood v. RoundPoint Mortg. Servicing Corp.*, No. 18-10111, 2018 WL 3159624, at *5 (E.D. Mich. June 28, 2018) (quoting *Jarbo v. Bank of N.Y. Mellon*, 587 F. App'x 287, 290 (6th Cir. 2014)). For the sake of the appeal, the Court assumes that this is a cognizable request for quiet title.

7

moot and the court has no jurisdiction." *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 558 (6th Cir. 2021). Further, "a bankruptcy appeal, like any other appeal, becomes moot if the appellate court is unable to grant effective relief because of events during the appeal." *In re Banks*, No. 21-11132, 2022 WL 1036759, at *1 (E.D. Mich. Apr. 6, 2022) (quoting *Conway v. Nusbaum*, 109 F. App'x 42, 43 (6th Cir. 2004)).

In Count I, Southern requests that the Bankruptcy Court "equitably extend the remaining redemption period so that [Southern] may sell the Property and use the proceeds to redeem the Property and/or pay the amounts due under his Chapter 13 Plan." (ECF No. 4, PageID.33.) However, the redemption period expired on April 17, 2023. (*See* ECF No. 14-1, PageID.764; *see also* ECF No. 4, PageID.33 ("Based on his February 15, 2023 Chapter 13 filing, the redemption deadline was automatically extended to April 17, 2023 based on 11 U.S.C. § 108(b).").) Further, even if Southern is correct and his Chapter 13 filing stayed the redemption period (*see* ECF No. 9, PageID.644), his Chapter 13 case is now closed. A bankruptcy proceedings' automatic stay is no longer in effect if the bankruptcy proceeding is dismissed. *In re Banks*, 2022 WL 1036759, at *1 (citing 11 U.S.C. § 362(c)(2)(B); *In re Dougherty*, No. 11-

8

33926-DOF, 2019 WL 2529362, at *4 (Bankr. E.D. Mich. June 17, 2019)). Southern no longer has an interest in the property; thus, he cannot request to quiet title in his favor.

The Bankruptcy Court's dismissal of Count I with prejudice is affirmed.

### C. The Bankruptcy Court's denial of Southern's motion to retain residual jurisdiction for Counts II through IX as to FILLC, Esmegen, and Ghannam

Southern argues that the Bankruptcy Court's refusal to retain residual jurisdiction over the remainder of his adversary case was an abuse of discretion. (ECF No. 9, PageID.656.) Here, the Court will address the Bankruptcy Court's decision not to retain jurisdiction over Counts II through IX for FILLC, Esmegen, and Jason Ghannam.

The Bankruptcy Court's exercise of jurisdiction over the adversary proceeding after the underlying bankruptcy case was dismissed is within its "sound discretion." *In re Javens*, 107 F.3d 359, 364 n.2 (6th Cir. 1996). When making this decision, bankruptcy courts are to consider four factors: "economy, convenience, fairness, and comity." *In re Murray*, No. 20-1910, 2021 WL 4026732, at *5 (6th Cir. Sept. 3, 2021) (quoting

9

*Peabody Landscape Constr. Inc. v. Schottenstein*, 371 B.R. 276, 281 (S.D. Ohio 2007)).

The Court reviews the Bankruptcy Court's decision for an abuse of discretion. *Id.* at *7 ("Because the exercise of jurisdiction over residual matters after an underlying bankruptcy case is 'left to the sound discretion of the trial court,' the decision not to exercise residual jurisdiction is reviewed for abuse of discretion." (quoting *Javens*, 107 F.3d at 364 n.2)). "An abuse of discretion occurs only when the [bankruptcy] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, SRL* (*In re Murray, Inc.*), 392 B.R. 288 (6th Cir. BAP 2008). "The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion." *Barlow v. M.J. Waterman & Assocs. Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000).

The Bankruptcy Court declined to retain residual jurisdiction over the adversary case's remaining claims, stating the following:

> The Court has considered the factors of economy, convenience, fairness and comity. The first three factors weigh in favor of not

retaining jurisdiction, that the adversary proceeding was filed on March the 27th, 2023. It's still in its infancy as no scheduling order's even been entered at this point.

There's been very limited, if any, discovery that's been undergone. No depositions have been taken. The trial date is over a year away. Any inconvenience to plaintiff would be slight. Plaintiff would be required to file its complaint in State Court, and nothing is precluding plaintiff from doing that [] as counsel for the defendant has pointed out here. . . . .

As it relates to the fourth factor, all the counts in the complaint, with the exception of Count 2, are State Law claims which the State Court is – this Court finds i[t] well able to handle. And a request for damages in Count 5 and 9 encompass the violation of the automatic stay. All these issues really can be dealt with in the State Court.

(ECF No. 14-2, PageID.789–790.)

The Court finds that this decision was thoughtfully explained, reasonable, and not an abuse of discretion.

First, Southern argues that the Bankruptcy Court erred when it utilized the four-factor test. According to Southern, his claim for violation of the automatic stay (Count II) is a "core bankruptcy issue"[3] and "core bankruptcy issues" are not subject to the four factors described in *In re*

---

[3] A core bankruptcy issue or "core proceeding" "either invokes a substantive right created by federal bankruptcy law or one which could not exist outside of the bankruptcy." *In re Lowenbraun*, 453 F.3d 314, 320 (6th Cir. 2006) (quoting *Sanders Confectionary Prods., Inc. v. Heller Financial, Inc.*, 973 F.2d 474, 482 (6th Cir. 1992)); *see also* 28 U.S.C. § 157(b)(2).

11

*Murray* and *Peabody Landscape Construction*. (*Id.* at PageID.661–662 ("While courts have outlined four factors in determining whether a bankruptcy court should retain jurisdiction . . . these factors are irrelevant in this case where [Southern's] primary claim is a core bankruptcy issue.") (emphasis omitted).) In fact, Southern appears to argue that the Bankruptcy Court *should* have retained jurisdiction because it *could* have retained jurisdiction. (*Id.* at PageID.661.) Southern does not present any support for either contention,[4] and the Court is unable to find any caselaw that supports Southern's legal theories. Contrary to Southern's arguments, the Sixth Circuit in *In re Murray* instructed that bankruptcy courts should use their "sound discretion" and the four factors when determining whether to retain jurisdiction over

---

[4] Southern cites *Javens* for the contention that "the Bankruptcy Court should have retained jurisdiction" (ECF No. 9, PageID.660–661), but *Javens* clearly states that "exercise of such jurisdiction is left to the sound discretion" of the Bankruptcy Court. *Javens*, 107 F.3d at 359 n.2.

Southern also cites *In re John Richards Homes Bldg. Co., L.L.C.*, 405 B.R. 192 (E.D. Mich. 2009) for the argument that "[b]ankruptcy courts retain jurisdiction of core proceedings following the dismissal of the underlying case and following the payment of the judgment." *Id.* at 199. However, the court in *John Richards* never stated that jurisdiction, if retained, is *mandatory* for bankruptcy courts. The same is true in *In re Bazzi*, 481 B.R. 397, 398 (Bankr. E.D. Mich. 2012), which is also cited by Southern. (*See* ECF No. 9, PageID.659.) *See also* 28 U.S.C. § 157(b) (indicating that bankruptcy courts "may," not must, determine core proceedings).

12

a core proceeding after the underlying bankruptcy has been dismissed. *In re Murray*, 2021 WL 4026732, at *5.

Second, Southern argues that the Bankruptcy Court's dismissal of his state-law claims, which he agrees are subject to the four factors, was also an abuse of discretion. (ECF No. 9, PageID.662–663.) According to Southern, the Bankruptcy Court should have retained jurisdiction because (1) that court has "specialized knowledge and familiarity with the intricacies of bankruptcy law," unlike a state judge who may issue "inconsistent" rulings due to a lack of familiarity with bankruptcy law, (2) it "would promote judicial efficiency by not requiring [Southern] to file and serve a new lawsuit in a separate court," and (3) filing a new lawsuit would force Southern "to incur additional costs that he can ill afford." (*Id.*)

The Court disagrees with Southern's arguments. As to Southern's concern for specialized knowledge, a state court would have more familiarity with state law issues than a bankruptcy judge, which weighs in favor of the Bankruptcy Court not retaining jurisdiction. Additionally, the Bankruptcy Court acknowledged the inconvenience Southern may

13

endure in refiling the complaint, but ultimately determined that the inconvenience would be slight.[5]

For the reasons set forth above, the Court affirms the Bankruptcy Court's decision to not retain jurisdiction for Counts II through IX as to FILLC, Esmegen, and Ghannam.

### D. The Bankruptcy Court's denial of Southern's motion to retain residual jurisdiction for Count IV as to Westfield

Southern also appeals the Bankruptcy Court's "failing to enter a default and/or default [] judgment against Westfield Insurance Company." (ECF No. 9, PageID.653.) The Court will interpret this as an appeal of the Bankruptcy Court's decision not to retain jurisdiction over Southern's case against Westfield because the Bankruptcy Court dismissed Southern's case against Westfield without prejudice. (*Id.* at PageID.655–656.)

Southern's suit against Westfield appears to be limited to Count IV (insurance claim). (ECF No. 4, PageID.31–44.) Westfield did not make an appearance in the adversary proceeding. (ECF No. 9, PageID.654; *see*

---

[5] As to Southern's concern that he would have to repay filing fees, pursuant to Mich. Comp. Laws § 600.2529(5), a state court can waive fees upon a showing by affidavit of indigency or inability to pay.

14

*also* ECF No. 4, PageID.443 (Verified Application for Entry of Default against Defendant Westfield Insurance Company by the Court Clerk).)

Southern makes the following argument on appeal:

> [T]he bankruptcy court erred as, even though Defendant Westfield never responded to the Complaint, the bankruptcy court did not enter a default against Defendant Westfield – even before it dismissed the Adversary Proceeding. Then, by dismissing the Adversary Proceeding, the Bankruptcy Court prevented [Southern] from obtaining a default judgment against Westfield. This prejudiced [Southern] as, instead of obtaining the default judgment against Westfield to which [Southern] is entitled . . . unless this Court reverses the bankruptcy court, [Southern] will have to refile and start over on his claims against Defendant Westfield which is extremely prejudicial to [Southern] who is entitled to a Default and/or Default Judgment against Westfield.

(ECF No. 9, PageID.655–656.) Southern requests that the Court "reverse the bankruptcy court's dismissal of the Adversary Proceeding with instructions to enter the default against Westfield and allow [Southern] to move the bankruptcy court for a default judgment." (*Id.*)

As before, the Court reviews the Bankruptcy Court's decision declining to retain jurisdiction for an abuse of discretion. *See Javens*, 107 F.3d at 364 n.2.

The Court finds that the Bankruptcy Court did not abuse its discretion when it declined to retain jurisdiction over Southern's claim

15

against Westfield. The Bankruptcy Court considered the four factors: economy, convenience, fairness, and comity.[6] (*See* ECF No. 14-2, PageID.789–790.) It reasoned that the case was still at its infancy, that "[a]ny inconvenience to plaintiff would be slight," and that state court is well equipped to handled state claims, including the Count IV "insurance claim." (*Id.*) According to the Bankruptcy Court, all four factors weigh in favor of declining jurisdiction for Count IV, making its decision reasonable.

The Court acknowledges that refiling the case against Westfield inconveniences Southern if he chooses to refile the case in state court. Refiling his Count IV claim against Westfield would "reset the clock" for entry of default. However, at the time of dismissal, it is not clear if Southern was entitled to entry of default or default judgment, and he had not yet moved for default judgment. Though refiling the case in state court would "reset the clock" for entry of default, Southern had not yet received entry of default or moved for default judgment. As such, the prejudice suffered by Southern is limited. Further, it would not serve

---

[6] The Bankruptcy Court's decision did not specify separate reasons with respect to Westfield or Count IV. (*See* ECF No. 14-2, PageID.789–790.)

16

judicial economy for the case to be split in two venues, with the claim against Westfield continuing in Bankruptcy Court, and the rest of his claims being adjudicated in state court.

The Bankruptcy Court's order dismissing the case as to Westfield is affirmed.

## IV. Conclusion

For the reasons set forth above, the Court AFFIRMS the Bankruptcy Court's June 13, 2023 order denying Southern's motion for the Bankruptcy Court to retain residual jurisdiction over the adversary proceeding, dismissing Count I with prejudice, and dismissing Counts II through IX without prejudice. (ECF No. 4, PageID.560–561.)

Because the Court affirms the Bankruptcy Court's order dismissing the case, the remainder of Southern's issues on appeal are moot.[7]

---

[7] The remainder of the issues on appeal are (1) whether "the Bankruptcy Court erred by 'letting the clock run out' by not scheduling the hearing on [Southern's] motion for preliminary injunction until the last day of the alleged redemption period" (ECF No. 9, PageID.639), (2) whether "the Bankruptcy Court erred by denying [Southern's] motion for preliminary injunction" (*id.* at PageID.643), and (3) whether "the Bankruptcy Court erred by striking [Southern's] motion for reconsideration [as to the order denying his motion for preliminary injunction] and subsequently denying [Southern's] refiled motion for reconsideration." (*Id.* at PageID.652.)

All three issues relate to the Bankruptcy Court's denial of Southern's motion for preliminary injunction. Because the purpose of a preliminary injunction is to

17

IT IS SO ORDERED.

Dated: December 20, 2024         s/Judith E. Levy
Ann Arbor, Michigan              JUDITH E. LEVY
                                 United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on December 20, 2024.

                                 s/William Barkholz
                                 WILLIAM BARKHOLZ
                                 Case Manager

---

"maintain 'the status quo' until the resolution of the case 'on its merits,'" these issues are moot because the adversary proceeding is dismissed and, as such, there is no "status quo" for the Court to maintain. *Adams v. Baker*, 951 F.3d 428, 429 (6th Cir. 2020) (quoting *Burniac v. Wells Fargo Bank, N.A.*, 810 F.3d 429, 435 (6th Cir. 2016)).